UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICIA HOUNSELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 22-11314-FDS |
| ) | |
| CROWD LENDING FUND ONE, LLC; ) | |
| DANIEL NAJARIAN; DAVID BERNADINO; ) | |
| WILMINGTON TRUST, N.A., TRUSTEE ) | |
| FOR BRIDGE LOAN VENTURE, V QV ) | |
| TRUST 2019-2; SHELLPOINT LOAN ) | |
| SERVICING; MICHAEL VAN DAM; ) | |
| KORDE & ASSOCIATES, P.C.; and ) | |
| GIANGRASSO LAW, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER ON
<u>DEFENDANTS' MOTIONS TO DISMISS</u>

**SAYLOR, C.J.**

This case concerns claims of unlawful collusion to foreclose two properties on Calumet Street in Boston. Plaintiff Patricia Hounsell, who is proceeding *pro se*, has filed a complaint asserting claims against multiple defendants for violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 *et seq.*, fraudulent misrepresentation, "collusion," and "emotional distress."

Three defendants—Crowd Lending Fund One, LLC; Daniel Najarian; and Wilmington Trust, N.A., Trustee for Bridge Loan Venture V QV Trust 2019-2—have moved to dismiss the complaint for failure to effect service under Rule 4(m). Three defendants—Giangrasso Law, Shellpoint Mortgage Servicing and Korde & Associates, P.C.—have moved to dismiss the

complaint for failure to state a claim under Rule 12(b)(6).

For the following reasons, the motions to dismiss will be granted.

**I.     Background**

    **A.     Factual Background**

Unless otherwise noted, the facts are stated as set forth in the complaint.

Patricia Hounsell is a resident of Boston.  (Compl. ¶ 3).

There are eight named defendants:  (1) Crowd Lending Fund One, LLC; (2) Daniel Najarian; (3) David Bernadino, (4) Wilmington Trust, N.A., Trustee for Bridge Loan Venture, V QV Trust 2019-2, (5) Shellpoint Loan Servicing, (6) Michael Van Dam, (7) Korde & Associates, P.C., and (8) Giangrasso Law.  (*Id.* ¶ 4).  The complaint identifies the defendants as "[c]ompanies doing business in the State of Massachusetts."  (*Id.*).

The complaint alleges that Hounsell consulted David Bernadino, who was "posing as a 'Mortgage Consultant,'" about "a series of loans" on two Boston properties that she owned.  (*Id.* ¶ 5).  Those properties were located at 37 and 41 Calumet Street.  (*Id.*).

According to the complaint, Hounsell took out loans of $90,000 from Ocwen Financial and Endeavor Financial "after a fire that required the renovation" of the Calumet Street properties.  (*Id.* ¶ 6).  During renovations, she was not able to collect rent, and "went into default" on her loans.  (*Id.* ¶ 7).

The complaint alleges that Michael Van Dam "solicited [Hounsell] for Bankruptcy services."  (*Id.* ¶ 8).  It alleges that Van Dam and David Bernadino "facilitated [her] loans with Endeavor."  (*Id.*).  "Unbeknownst to [Hounsell]," she "was postured as a business . . . by Endeavor."  (*Id.* ¶ 9).  According to the complaint, Crowd Lending Fund One, LLC, extended her $1.9 million in loans, and her "homeowner's rights [were] extinguished."  (*Id.*).  She has

unsuccessfully requested "all loan documentation" from Endeavor and Crowd Lending.  (*Id.* ¶ 11).  Two exhibits attached to the complaint appear to show two commercial mortgages between Hounsell and Crowd Lending totaling $1.9 million.  (Exs. 1-2).  Her signature appears on both documents.  (*Id.*).

On July 21, 2022, Crowd Lending held what the complaint calls a "surprise auction" of the 37 Calumet Street property.  (Compl. ¶ 12).  According to the complaint, Crowd Lending told Hounsell that it would change the auction date "to honor a modification on [her] loans." (*Id.*).  Bernadino "was present" at the auction, and "continued to threaten [her] with her homes being lost, if [she] did not allow him to facilitate with Crowd Lending."  (*Id.* ¶ 13).

According to the complaint, Shellpoint Loan Servicing "is moving to auction" the 41 Calumet Street property.  (*Id.* ¶ 14).

B.  **Procedural Background**

Hounsell filed a complaint on August 16, 2022.  It asserts four counts: violation of the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C § 1964 (Count 1); fraudulent misrepresentation (Count 2); "collusion" (Count 3); and "emotional distress" (Count 4).  Although there are eight named defendants in the caption of the complaint, the counts only name six:  Crowd Lending; Najarian; Wilmington Trust; Bernadino; Shellpoint; and Van Dam.

On the same day, Hounsell also filed an emergency motion for a temporary restraining order, asking the court to enjoin Shellpoint from auctioning the 41 Calumet Street property.  She also filed an emergency motion for discovery, seeking to discover loan documentation information held by Shellpoint and Crowd Lending.

On August 17, 2022, the Court denied Hounsell's motion for a temporary restraining order.

3

On August 24, 2022, Hounsell filed a motion for leave to proceed *in forma pauperis*.

On September 2, 2022, the Court granted Hounsell's motion to proceed *in forma pauperis*. The Court informed plaintiff of her responsibility to serve the defendants, and that she could elect to have service completed by the United States Marshals Service with all costs of service to be advanced by the United States.

On September 16, 2022, Giangrasso, Korde, and Shellpoint moved to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6). They contend that the complaint does not state a cognizable RICO claim against them, and that the court should decline to exercise supplemental jurisdiction over the state-law claims.

On December 6, 2022, Crowd Lending, Najarian, and Wilmington Trust filed a motion to dismiss for failure to effect service pursuant to Rule 4(m) within 90 days.

Michael Van Dam and David Bernadino do not appear to have responded to the complaint.

Plaintiff has not filed an opposition to either motion to dismiss.

## II.  Standard of Review

To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). When determining whether a complaint satisfies that standard, a court must assume the truth of all well-pleaded facts and give

the plaintiff the benefit of all reasonable inferences. *See Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

The complaint must be construed liberally in light of plaintiff's *pro se* status. "[A] document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal citations and quotation marks omitted); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). A court is "obligated to make a determined effort to understand what the pleader is attempting to set forth and to construe the pleading in his or her favor, whenever the interest of justice so requires." 5 CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE & PROCEDURE § 1286 (4th ed.) (internal citations omitted). The federal rules do not, however, require a district court "to fabricate a claim that a plaintiff has not spelled out in the complaint." *Id.*

### III.    Analysis

#### A.    Rule 4(m)

Crowd Lending, Najarian, and Wilmington Trust have moved to dismiss the complaint pursuant to Fed. R. Civ. P. 4(m). They contend that plaintiff has not served them within ninety days, as required by Rule 4(m).

"If a defendant is not served within 90 days after the complaint is filed, the court--on

motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*  A plaintiff may request that service be made by a United States marshal; if that plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, the court must grant his or her request.  Fed. R. Civ. P. 4(c)(3).

It appears that plaintiff has not served Crowd Lending, Najarian, and Wilmington Trust. Nor has she requested that the Court order service by a United States Marshal.  Under the circumstances, the Court will dismiss those defendants pursuant to Rule 4(m) for failure to effect service of process within 90 days.

**B.**     **Rule 12(b)(6)**

Giangrasso, Korde, and Shellpoint have moved to dismiss the complaint as to them for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  They contend that the complaint fails to state a RICO claim, and that the Court should decline to exercise supplemental jurisdiction over the remaining state law claims.

"To state a RICO claim, plaintiffs must allege four elements: '(1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity.'" *Giuliano v. Fulton*, 399 F.3d 381, 386 (1st Cir. 2005) (quoting *Kenda Corp. v. Pot O'Gold Money Leagues, Inc.*, 329 F.3d 216, 233 (1st Cir. 2003)).

A RICO enterprise "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 28 U.S.C. § 1961(4).  An association-in-fact enterprise "must have at least three structural features: a purpose, relationships among those associated with the enterprise, and

longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938, 946 (2009).  The associates must have a "common purpose of engaging in a course of conduct" and "function as a continuing unit." *United States v. Turkette*, 452 U.S. 576, 583 (1981).

A pattern of racketeering activity is "at least two acts . . . within ten years of each other" that "violate[ ] one of the federal laws specified in the RICO statute." *Giuliano v. Fulton*, 399 F.3d 381, 387 (1st Cir. 2005).

The complaint alleges that defendants "unlawfully participated in a RICO scheme to [de]fraud the Plaintiff." (Compl. ¶ 16).  Neither the body of the complaint nor Count 1 mention Korde or Giangrasso except to identify them as defendants.  The complaint only mentions Shellpoint in connection with the auction of the 41 Calumet Street property.  It does not allege facts suggesting that Shellpoint associated with the other defendants, or that it committed any racketeering acts.  Accordingly, the complaint fails to plead a RICO claim against those three defendants.  The Court will therefore dismiss the complaint as to Giangrasso, Korde, and Shellpoint.

The Court will decline to exercise supplemental jurisdiction over the remaining claims against those defendants in light of its dismissal of the RICO claim.  Where a complaint fails to state a viable claim under federal law and jurisdiction over the remaining claims is based solely on supplemental jurisdiction, 28 U.S.C. § 1367, a "district court has discretion to decline to exercise supplemental jurisdiction." *Uphoff Figueroa v. Alejandro*, 597 F.3d 423, 431 n.10 (1st Cir. 2010); 28 U.S.C. § 1367(c).  In so doing, the court "must take into account considerations of judicial economy, convenience, fairness to the litigants, and comity." *Delgado v. Pawtucket Police Dep't*, 668 F.3d 42, 48 (1st Cir. 2012); *see Wilber v. Curtis*, 872 F.3d 15, 23 (1st Cir.

2017) ("[I]t can be an abuse of discretion—if no federal claim remains—for a district court to retain jurisdiction over a pendent state law claim when that state law claim presents a substantial question of state law that is better addressed by the state courts.").

Here, plaintiff's remaining claims arose under state law. Counts 2 and 4 state claims for fraudulent misrepresentation and "emotional distress," respectively. Count 3 states a claim for "collusion," which the Court construes as a civil conspiracy claim. *See, e.g.*, *Wodinsky v. Kettenbach*, 86 Mass. App. Ct. 825, 837 (2015). Apart from the complaint and motions to dismiss, no substantial litigation has occurred. Under the circumstances, the Court will decline to exercise supplemental jurisdiction over the remaining state-law claims.

**IV.     Conclusion**

For the foregoing reasons, the motion to dismiss of Crowd Lending Fund One, LLC; Daniel Najarian; and Wilmington Trust, N.A., Trustee for Bridge Loan Venture, V QV Trust 2019-2 is GRANTED. The motion to dismiss of Giangrasso Law; Korde & Associates, P.C.; and Shellpoint Loan Servicing is GRANTED.

**So Ordered.**

Dated: April 6, 2023

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court